No. 04-1125
File Name: 05a0109n.06
Filed: February 14, 2005

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

BUNNELL HILL DEVELOPMENT CO., ) 
INC., TRACTOR SUPPLY COMPANY, and ) 
1515 MANAGEMENT CO., INC., ) 
          ) 
  Plaintiffs-Appellees, ) ON APPEAL FROM THE 
          ) UNITED STATES DISTRICT 
  v. ) COURT FOR THE EASTERN 
          ) DISTRICT OF MICHIGAN 
BAY COUNTY ROAD COMMISSION, ) 
          ) 
  Defendant-Appellant. ) 

Before: **NELSON** and **SUTTON**, Circuit Judges, and **WELLS**, District Judge.[*]

**DAVID A. NELSON**, Circuit Judge. This is an appeal from a final judgment declaring that the Bay County Road Commission lacks authority to revoke a driveway permit when there has been a change in the use of the property served by the driveway. The judgment prohibits the Commission from closing a commercial driveway over which the plaintiffs hold an easement.

The basis for the district court's ruling was that Michigan law allows revocation of a driveway permit only "pursuant to duly enacted rules" and that the Commission had not

---

[*]The Honorable Lesley Wells, United States District Judge for the Northern District of Ohio, sitting by designation.

promulgated any rule "authoriz[ing] it to revoke a duly-issued driveway permit simply because there has been a change in use . . . or an increase in traffic flow to the site."

At the appellate argument, however, the parties informed the court that the Commission has now promulgated a rule requiring property owners to obtain a new driveway permit when there has been a change in the use of the property served by the driveway. The new rule, adopted on December 22, 2004, defines "change in use" to include "additional access to another commercial property from/through a previously permitted driveway."

The new rule raises a substantial question as to whether this case has become moot. That question should be addressed in the first instance, we believe, by the district court. Accordingly, the judgment is **VACATED** and the case is **REMANDED** to the district court with instructions to determine the effect of the Commission's new rule and then proceed accordingly.